81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America Plaintiff-Appellee,
v.
Francisco J. GARIBAY, Defendant-Appellant.
 No. 95-30193.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1996.
Decided April 5, 1996.
 
 Before: FLETCHER, JOHN T. NOONAN, Jr., and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Francisco Javier Garibay pleaded guilty as charged to distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1). He now challenges his sentence. We affirm.
 
 FACTS AND PROCEEDINGS
 
 3
 On October 28, 1994, Garibay sold several ounces of methamphetamine to a confidential informant in Wenatchee, Washington. Garibay was arrested after being stopped in his car with his wife and four children. On November 8, 1994, Garibay was indicted on one count of distributing over 100 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). On February 16, 1995, Garibay pleaded guilty to the charge.
 
 
 4
 On May 10, 1995, Garibay filed a motion for downward departure on the basis of five factors: the need to support his family, the possibility of deportation, the aberration in his generally law-abiding behavior, the fact that the confidential informants owed him money, and the low purity of the methamphetamine. On May 17, 1995, the government filed an objection to Garibay's motion. On May 19, 1995, the district court held Garibay's sentencing hearing. Pursuant to the plea agreement, the government recommended a 3-point reduction for acceptance of responsibility and a 2-point minor-role reduction. Garibay argued for an additional downward departure based on the "safety valve" provision, U.S.S.G. § 5C1.2, which was added to the Sentencing Guidelines (Guidelines) as an emergency amendment, effective September 23, 1994, in response to Congress's directive in 18 U.S.C. § 3553(f) (1994).
 
 
 5
 Garibay's counsel informed the court of a then-proposed guideline amendment § 2D1.1 that would decrease by two levels the offense level for defendants who satisfied the statutory requirements of 18 U.S.C. § 3553(f) and argued that the court should downward depart on that basis. Garibay also renewed the argument in his motion for downward departure. The court granted a continuance to allow for further briefing. On May 23, 1995, the court took up again Garibay's sentencing hearing and considered arguments on the safety valve provision. The court ruled (1) that Garibay sold over 100 grams of methamphetamine, which establishes a base offense level of 26; (2) that Garibay was entitled to a 2-point reduction for his minor role in the offense and a 3-point reduction for acceptance of responsibility; (3) that Garibay qualified for an exemption from the statutory mandatory minimum sentence of 5 years, which is generally applicable for the quantity involved in Garibay's offense, because Garibay satisfied the elements of 18 U.S.C. § 3553(f). The calculation rendered an offense level of 21. The court denied Garibay's request for a downward departure, ruling (1) that Garibay's financial needs were not dire; (2) that the risk of deportation was real but not a strong basis for a departure; and (3) that Garibay's conduct was not aberrant because he admitted to having delivered chemicals several times. The court also ruled against Garibay's request for a 2-point downward departure based on either the safety valve provision or the then-proposed amendment to § 2D1.1.
 
 
 6
 The court determined Garibay's sentence range to be 37 to 46 months and imposed a sentence of 37 months in prison, to be followed by 3 years of supervised release. The court assessed a $50 penalty but imposed no fine on Garibay after finding him unable to pay. On May 30, 1995, the court entered written findings and conclusions in Garibay's case. On June 1, 1995, the judgment and commitment order was entered. Garibay timely filed a notice of appeal on June 7, 1995.
 
 ANALYSIS
 
 7
 Upon de novo review, we uphold the district court's interpretation and application of the Guidelines. United States v. France, 57 F.3d 865, 866 (9th Cir.1995). The relevant statute instructs a court to impose a sentence without regard to any statutory minimum sentence for statutorily defined qualifying defendants "pursuant to guidelines promulgated by the United States Sentencing Commission." 18 U.S.C. § 3553(f). In response to Congress's directive, the Sentencing Commission enacted U.S.S.G. Section 5C1.2 as an emergency amendment, effective September 23, 1994. Section 5C1.2 exempts a defendant from a mandatory minimum sentence if the court finds that the defendant satisfies the five criteria set forth in 18 U.S.C. § 3553(f). U.S.S.G. § 5C1.2 (1994). The court found that Garibay satisfied these criteria and qualified for an exemption to the mandatory minimum sentence, thus permitting the court to grant Garibay adjustments in his sentence for his minor role and his acceptance of responsibility. The court was correct in concluding that § 5C1.2 effectively carries out Congress's statutory directive in 18 U.S.C. § 3553(f).
 
 
 8
 Garibay points to a statutory provision that was enacted along with the enactment of 18 U.S.C. § 3553(f). The note, which was codified as a note to 28 U.S.C. § 994, reads in relevant part:
 
 
 9
 (b) Sentencing Commission Authority.--
 
 
 10
 (1) IN GENERAL....
 
 
 11
 (B) In the case of a defendant for whom the statutorily required minimum sentence is 5 years, such guidelines and amendments to guidelines issued under [the Commission's authority to carry out the provisions of 18 U.S.C. § 3553(f) ] shall call for a guideline range in which the lowest term of imprisonment is at least 24 months. 28 U.S.C. § 994 note.
 
 
 12
 Garibay reads this note as if the floor at which his sentence must begin somehow sets a maximum. The phrase "lowest term of imprisonment is at least 24 months" establishes only a floor beyond which the Commission cannot lower the sentence range. Garibay received a sentence of 37 months, which is at least 24 months and which is below the 5-year statutory mandatory minimum specified in 21 U.S.C. § 841(b)(1)(B)(viii). Garibay's sentence thus was calculated under the Guidelines "without regard to any statutory minimum sentence" as required by 18 U.S.C. § 3553(f). The district court properly used the Guidelines "in effect on the date the defendant is sentenced" as required by U.S.S.G. § 1B1.11(a). The Commission's subsequent adoption of the amendment to § 2D1.1, to be effective November 1, 1995 without retroactive application, does not affect Garibay's sentence. See U.S.S.G. § 1B1.10.
 
 
 13
 Likewise, the district court was correct in not considering as a basis for departure the combination of the five factors presented in Garibay's motion with the proposed amendment as an additional factor. At the time of Garibay's sentencing, the proposed amendment was not a proper basis for departure, either in itself or in tandem with other factors. The proposed amendment is not a circumstance, either aggravating or mitigating, involving Garibay's conduct. See 18 U.S.C. § 3553(b); U.S.S.G. §§ 1B1.4, 5K2.0. (1994). The Commission considered the proposed amendment and decided against its retroactive application. See id. § 1B1.10 (1995). Given these provisions, consideration of the then-proposed amendment as a factor for departing is not authorized by the Guidelines.
 
 
 14
 Accordingly, we AFFIRM.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3